2016 IL App (4th) 140270
NO. 4-14-0270

FILED
March 31, 2016
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| MATTHEW L. MOURNING, | ) | No. 11CF166 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Timothy J. Steadman, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Turner and Appleton concurred in the judgment and opinion.

**OPINION**

¶ 1     After a December 2013 trial, a jury found defendant, Matthew L. Mourning,

guilty of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1 (West

2010)).  In January 2014, defendant *pro se* filed a posttrial motion claiming that his privately re-

tained counsel had provided him ineffective assistance.  The trial court denied defendant's *pro se*

motion and later sentenced him to consecutive terms of eight and nine years in prison.  Defend-

ant appeals, arguing, *inter alia*, that the court failed to conduct an adequate *Krankel* hearing.

*People V. Krankel*, 102 Ill. 2d. 181, 464 N.E.2d. 1045 (1984).  We agree and remand for a proper

*Krankel* hearing.

¶ 2                         I. BACKGROUND

¶ 3     In the interest of brevity, we set out only those facts necessary to our decision.

¶ 4     In February 2011, the State charged defendant with two counts of predatory crim-

inal sexual assault of a child (720 ILCS 5/12-14.1 (West 2010)). The court initially appointed the public defender to represent defendant, but defendant later hired private counsel, Glenn Fuller. After a December 2013 trial, the jury found defendant guilty of both counts.

¶ 5        In January 2014, prior to sentencing, defendant *pro se* filed a letter in the trial court, stating that "I want to appeal [my conviction] and am requesting a public defender." The letter stated further that defendant had "fired" Fuller because counsel (1) "never said anything about a possible bench trial"; (2) failed to present certain evidence to the jury; and (3) failed to impeach a witness. That same day, defense counsel filed a motion for a new trial.

¶ 6        At a hearing held later that month, the trial court and parties addressed defendant's letter. The following exchange occurred:

"[THE COURT]: Mr. Fuller, what's your understanding regarding your client's representation by counsel?

[MR. FULLER]: Well, I—clearly he's indicated that he wants to have a new attorney. And I think the question to be decided at this point is in what stage do we address that motion. If he has complaints, then maybe he would have complaints about the manner in which I have addressed the Motion for a New Trial. So it seems to me, I think I'm being consistent with [the State], that we, perhaps, need to make an inquiry at this point and make a decision about that.

[THE COURT]: All right. [Defendant], your letter does say you, quote, fired, your attorney ***.

[DEFENDANT]: Yes.

[THE COURT]: Have you hired different private counsel?

[DEFENDANT]: No.

[THE COURT]: Are you asking [for] time to do so?

[DEFENDANT]: Yes.

[THE COURT]: How much time are you requesting to see if you can retain a new private attorney?

[DEFENDANT]: That I don't know, maybe a week or so.

[THE COURT]: Any problem with that, [State]?

[THE STATE]: No, Your Honor.

[MR. FULLER]: May I be excused for just a moment?

[THE COURT]: Sure.

[Pause in proceedings.]

[MR. FULLER]: If it please the Court, I—the defendant is without any funds or resources.  This motion was initiated in part or in some way it was a participation by—it's your aunt, isn't it, is she not?

* * *

[DEFENDANT]: No.  She's my dad's girlfriend.

[MR. FULLER]: Okay.  She's a person who has shown interest in this case.  She has been with my client at all times when I have met with him, and she's the one who has furnished money for his defense up until this point.  It was my impression prior to today that they were not going to have the money to hire a new attorney.

And I think that the only solution that they have at this point is to ask for the public defender.

[THE COURT]: All right. Well, let's back up a little bit here. The Court's reviewed this filing. The Court's presided virtually through the entire case, pretrial motions, jury trial, et cetera. There's been no suggestion of any possible neglect on the part of counsel. There's been no suggestion of anything but, perhaps, defendant disagreeing with trial strategy, so there's no basis under the case law, specifically, [*People v. Moore*, 207 Ill. 2d 68, 797 N.E.2d 631 (2003)], to say that for some reason Mr. Fuller should not continue as counsel for this man. That means that, as I understand the law, Mr. Fuller stays as his attorney until or unless he requests a different private attorney or he decides to represent himself.

\* \* \*

There are policy considerations here. Anytime someone hires a private attorney and they're dissatisfied with the result no matter how well the attorney performed during the course of the trial or pretrial proceedings. Then if this were the proper course of action after things turn out differently than the defendant expected, then the Court would be under this theory free to appoint publically funded counsel that would mean that counsel would have to get transcripts of all proceedings at public cost.

The cost of the attorney would be incurred by the public.

- 4 -

That's simply not the way it is. You just can't snap your fingers

and get a different lawyer, and have the Court appoint a lawyer at

public expense, it doesn't work that way. So we'll be happy to al-

low further time to explore the possibilities, but right now the pos-

sibilities appear to be three: Stay with Mr. Fuller, get a new private

lawyer, or represent yourself."

The court continued the matter for one week to allow defendant to secure new private counsel. At the next hearing, in February 2014, defendant stated that he wished to retain Fuller.

¶ 7        After a March 2014 sentencing hearing, the trial court sentenced defendant to consecutive prison terms of eight and nine years.

¶ 8        This appeal followed.

¶ 9                        II. ANALYSIS

¶ 10        Defendant argues, in pertinent part, that the trial court failed to conduct an adequate *Krankel* hearing. We agree.

¶ 11                    A. *Krankel* Hearings in General

¶ 12        Pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), and its progeny, when a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, the following procedure should be followed to determine whether new counsel should be appointed:

¶ 13        " ' [W]hen a defendant presents a *pro se* posttrial claim of ineffec-

tive assistance of counsel, the trial court should first examine the

factual basis of the defendant's claim. If the trial court determines

that the claim lacks merit or pertains only to matters of trial strate-

gy, then the court need not appoint new counsel and may deny the

*pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed. ' " *People v. Jolly*, 2014 IL 117142, ¶ 29, 25 N.E.3d 1127 (quoting *Moore*, 207 Ill. 2d at 77-78, 797 N.E.2d at 637).

¶ 14   To determine whether counsel should be appointed, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary." *Moore*, 207 Ill. 2d at 78, 797 N.E.2d at 638. As part of that interchange, the trial court may question defense counsel and the defendant about the facts and circumstances surrounding the defendant's allegations. *Id.* However, an interchange with counsel or the defendant is not always necessary, as "the trial court can base its evaluation *** on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Id.* at 79, 797 N.E.2d at 638; see *People v. Towns*, 174 Ill. 2d 453, 675 N.E.2d 614 (1996) (trial court's decision not to appoint counsel upheld on appeal even though the court engaged in no interchange with defendant or counsel about defendant's allegations). In every case, the court must "conduct some type of inquiry into the underlying factual basis, if any, of a defendant's *pro se* posttrial claim of ineffective assistance of counsel." *Moore*, 207 Ill. 2d at 79, 797 N.E.2d at 638.

¶ 15       B. Does *Krankel* Apply When a Defendant Is Represented by Private
                                 Counsel?

¶ 16   The State argues that because defendant was represented by private instead of appointed counsel, the *Krankel* procedure does not apply, and the trial court was therefore not required to conduct *any* inquiry into defendant's *pro se* posttrial claims of ineffective assistance. We disagree and conclude that under the facts of this case, the court was required to conduct a preliminary *Krankel* inquiry to determine whether new counsel should be appointed.

¶ 17          The State relies on *People v. Pecoraro*, 144 Ill. 2d 1, 578 N.E.2d 942 (1991), and

*People v. Shaw*, 351 Ill. App. 3d 1087, 815 N.E.2d 469 (2004), in support of its argument that

*Krankel* does not apply when a defendant has retained private counsel. We find those cases dis-

tinguishable. In *Pecoraro*, 144 Ill. 2d at 15, 578 N.E.2d at 948, the defendant was found guilty

of murder while represented by private counsel. The defendant *pro se* filed a posttrial motion

alleging ineffective assistance of counsel. The trial court denied the defendant's claims of inef-

fective assistance of counsel without appointing new counsel to argue those claims. The su-

preme court affirmed, explaining as follows:

> "It was not within the trial court's rubric of authority
>
> to advise or exercise any influence or control over the se-
>
> lection of counsel by defendant, who was able to, and did,
>
> choose counsel on his own accord. [Citation.] Moreover,
>
> the trial judge could not force defendant to retain counsel
>
> other than that chosen by defendant. [Citation.] Defendant
>
> and his counsel were the only parties who could have al-
>
> tered their attorney-client relationship. Defendant could
>
> have retained other counsel to represent him prior to the
>
> hearing of his post-trial motions." *Id.*

Essential to the supreme court's decision was the fact that the defendant never informed the court

that he (1) wished to be represented by new counsel and (2) now needed the services of court-

appointed counsel.

¶ 18          In *Shaw*, 351 Ill. App. 3d at 1089, 815 N.E.2d at 470-71, the defendant retained

private counsel before pleading guilty to criminal sexual assault. After sentencing, the defendant

*pro se* sent a letter to the court arguing that defense counsel misadvised him as to the sentence he was likely to receive. At a subsequent hearing on the motion to reconsider the sentence filed by defense counsel, nobody mentioned the letter sent by the defendant. On appeal, this court affirmed and denied the defendant's claim that the trial court should have held an initial inquiry under *Krankel* to determine whether to appoint new counsel for the defendant. *Id.* at 1091-93, 815 N.E.2d at 472-73. We noted that, like the defendant in *Pecoraro*, the *Shaw* defendant could have ended his relationship with private counsel and secured new counsel if he so chose. *Id.* at 1092, 815 N.E.2d at 473. If the defendant was unable to afford a new private attorney, he should have informed the court and requested appointed counsel. Instead, the defendant never informed the court that he desired new counsel. Under those circumstances, the court was not obligated to inquire about whether to appoint new counsel.

¶ 19        This case is distinguishable from *Pecoraro* and *Shaw*. Here, defendant, in his written *pro se* motion, requested new counsel. In addition, at the hearing on defendant's motion, Fuller informed the trial court that defendant desired new counsel. After the court granted defendant a continuance to secure new private counsel, Fuller informed the court that defendant did not have the resources to hire new counsel and, instead, needed appointed counsel. Therefore, unlike *Pecoraro* and *Shaw*, defendant requested new counsel and informed the court that he was financially incapable of hiring a new attorney. Under those circumstances, we conclude that the court was required to conduct a preliminary inquiry under *Krankel* to determine whether to appoint new counsel to represent defendant.

¶ 20        Our decision comports with other Illinois cases that have distinguished *Pecoraro* and concluded that *Krankel* applies even when a defendant is represented by private counsel. See, *e.g.*, *People v. Willis*, 2013 IL App (1st) 110233, 997 N.E.2d 947; *People v. Johnson*, 227

Ill. App. 3d 800, 592 N.E.2d 345 (1992). As the appellate court stated in *Johnson*, "we do not believe *Pecoraro* stands for the proposition that a trial court is free to automatically deny a *pro se* request for new counsel simply because the defense counsel who was allegedly ineffective was privately retained." *Johnson*, 227 Ill. App. 3d at 810, 592 N.E.2d at 352. As in this case, and unlike *Pecoraro*, the defendants in *Willis* and *Johnson* explicitly requested new counsel after making their *pro se* claims of ineffective assistance of counsel.

¶ 21 This court can find no reason why a defendant represented by private counsel should be treated any differently than a defendant represented by appointed counsel for purposes of *Krankel*, especially when, as here, the court has been informed that the defendant no longer has the funds to hire private counsel and will need the services of the public defender. The "conflict of interest that trial counsel would experience if trial counsel had to justify his or her actions contrary to defendant's position" (*Moore*, 207 Ill. 2d at 78, 797 N.E.2d at 638) exists to the same extent regardless of whether defendant was represented by private or appointed counsel. Therefore, we hold that *Krankel* applies when a defendant represented by private counsel makes a *pro se* posttrial claim of ineffective assistance of counsel and informs the court that he both (1) desires new counsel and (2) cannot afford new private counsel. Under those circumstances, a court should conduct an initial inquiry to determine whether new counsel should be appointed.

¶ 22 C. Whether the Trial Court in This Case Conducted a Sufficient Preliminary Inquiry Under *Krankel*

¶ 23 Having determined that *Krankel* applies to this case, we must now decide whether the trial court conducted a sufficient initial inquiry under *Krankel*.

¶ 24 The trial court denied defendant's *pro se* claims of ineffective assistance of counsel without conducting any interchange with defendant. The court found that defendant's claims were meritless on their face because they involved matters of trial strategy. At a preliminary

*Krankel* inquiry, a trial court may reject a defendant's claims based on the court's "knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Id.* at 79, 797 N.E.2d at 638. However, in this case, defendant's claims were not suitable for rejection on their face. In particular, the court should have inquired about defendant's claim that Fuller did not inform him about his right to a bench trial. The court did not engage in any questioning to uncover the underlying factual basis of that claim, if any exists. We also note that defendant in his *pro se* posttrial motion also complained about (1) the evidence presented and (2) the impeachment of a witness, neither of which prompted any questioning by the court. As a result, we conclude that the court's preliminary inquiry was insufficient. We therefore remand for a new preliminary inquiry under *Krankel*.

¶ 25                                          III. CONCLUSION

¶ 26          For the foregoing reasons, we remand for a preliminary inquiry under *Krankel* to determine whether new counsel should be appointed to argue defendant's *pro se* claims of ineffective assistance of counsel.

¶ 27          Remanded with directions.