2016 IL App (1st) 142346
No. 1-14-2346
Opinion filed April 19, 2016
Modified Upon Denial of Rehearing June 7, 2016

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | No. 08 CR 12569 |
| | ) | |
| ARSENIO WILLIS, | ) ) | The Honorable |
| | ) ) | William G. Lacy, Judge, presiding. |
| Defendant-Appellant. | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Neville concurred in the judgment and opinion.

**OPINION**

¶ 1        In *People v. Willis*, 2013 IL App (1st) 110233, we remanded for a proper inquiry into

defendant Arsenio Willis's claims of ineffective assistance of counsel under *People v. Krankel,*

102 Ill. 2d 181 (1984). Now Willis contends that the trial court again failed to adequately inquire

into his posttrial allegations of ineffective assistance of counsel in violation of both *Krankel* and

this court's mandate. Willis also requests we reassess our decision regarding two claims he made

before—that his sentence was excessive and that the automatic transfer provision of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-130 (West 2008)) is unconstitutional.

¶ 2    We affirm. On remand, the trial court conducted a proper preliminary *Krankel* hearing, and followed this court's mandate. We also dismiss the other challenges as we have no jurisdiction to entertain them. Ill. S. Ct. R. 303(b)(2) (eff. Jan. 1, 2015) (appeal taken from a specific judgment does not confer jurisdiction to review other judgments, or parts of judgments, not specified or inferred from the notice of appeal).

¶ 3                                  BACKGROUND

¶ 4    Willis and codefendant David Hill, who is not a party to this appeal, were charged with multiple counts of first degree murder and one count of attempted first degree murder. Willis and Hill, both 16 years old at the time of the crime, were tried in simultaneous jury trials. Willis was found guilty of first degree murder with a firearm and aggravated battery with a firearm.

¶ 5    After the verdict, defense counsel filed a motion for a new trial alleging that he provided ineffective assistance of counsel by failing to "use due diligence to insure Fredrick Williams would be available to testify at trial." Counsel insisted Williams' live testimony was "material" to counsel's strategy, and Williams' absence was prejudicial to Willis's defense. At the hearing, the State indicated that counsel's allegation created a conflict of interest, and defense counsel struck the paragraph. The case was continued, and, four months later, the court heard arguments on the motion. Neither Willis nor his counsel made any additional allegations of ineffective assistance of counsel. The court made no inquiry into the allegation of ineffective assistance and the issue was not raised. Willis was sentenced to consecutive terms of 33 years for the first degree murder conviction, with 15 years for the statutory firearm enhancement, and 15 years for the aggravated battery with a firearm conviction, for an aggregate sentence of 63 years' imprisonment.

¶ 6        On direct appeal, Willis raised several claims, including that (i) his sentence was excessive, (ii) the constitutionality of the automatic transfer provision of the Act (705 ILCS 405/5-130) (West 2008)), and (iii) that the trial court's conduct in the face of defense counsel's allegation failed to satisfy the preliminary inquiry requirement of *Krankel* and *People v. Moore*, 207 Ill. 2d 68 (2003). Regarding the *Krankel* claim, Willis requested this court to remand for appointment of counsel and a full inquiry into the allegation of ineffective assistance of counsel. *Willis*, 2013 IL App (1st) 110233, ¶ 63.

¶ 7        In affirming Willis's convictions, we found his sentence was not excessive where the sentencing court "expressly considered [Willis's] age, his background, and pre-sentence investigative report before exercising its discretion in sentencing him." *Id*. ¶¶ 124-25. We also upheld the constitutionality of the automatic transfer provision under the Act. *Id*. ¶ 53. We remanded, however, "for the limited purpose of having the court conduct an adequate inquiry into [Willis's] claims of ineffective assistance of counsel in accordance with *Krankel* and its progeny." *Id*. ¶ 74. In doing so, we offered no opinion as to whether new counsel should be appointed to review the claims. We merely instructed the trial court to conduct a preliminary inquiry to determine if the facts warranted appointment of counsel. *Id*. ¶ 134.

¶ 8        On remand, the trial court stated that the case had been remanded for a *Krankel* hearing and Willis's trial counsel was unavailable as he had moved out of the state. The case was continued a number of times. On April 21, 2014, the trial court stated a number of documents were missing from the file, including counsel's posttrial motion. Willis interjected, "my trial attorney, he [is] the one that filed for—ineffective assistance of Counsel on [himself]." The court responded, "No, I remember that, no. And I ruled on that. But even though I did that, the Appellate Court sent it back for you to say what went on ***." The court then stated that before

holding an inquiry, it wanted a copy of the posttrial motion at issue. Willis indicated that he had a copy of the motion "back in Menard," and the court continued the hearing for Willis to bring a copy of the motion to court.

¶ 9        About two months later, the following colloquy occurred:

"THE COURT: Mr. Willis, *** the appellate court sent the case back to this Court for the limited purpose of conducting what we call a *Krankel* hearing ***.

Basically, what you're here for is to tell me what you think your attorney did that was ineffective.

DEFENDANT: Yes, sir.

THE COURT: Do you want to tell me?

DEFENDANT: Well, I feel that my attorney failed to ask for a lesser offense instruction.

THE COURT: What instruction did you want him to ask for?

DEFENDANT: Second degree and involuntary manslaughter.

THE COURT: Is that your only complaint?

DEFENDANT: Yes, sir.

THE COURT: No other complaints?

DEFENDANT: Not that I know of."

¶ 10        Following this exchange, the trial court asked the State where defense counsel was, and the State responded that it thought he was retired from the practice of law and living in Mexico. The trial court stated that defense counsel was not available to respond.

¶ 11        Turning to Willis's claim of ineffective assistance for not requesting jury instructions on lesser included offenses, the trial court found counsel's decision was a matter of trial strategy.

When Willis clarified that he felt he was entitled to a lesser offense instruction because he was charged under a theory of accountability, the court replied:

> "If that's your only complaint, sir, I think that that certainly was a matter of trial strategy for counsel. He made that decision feeling that the State had not proved their case of first-degree murder beyond a reasonable doubt.

> I don't know, he's not here to answer, sometimes attorneys do that because if they feel that *** the State hasn't met their burden, they don't want to give the *** jury, an out to find you guilty of some lesser offense. Why find you guilty of anything.

> I don't know. I don't know if that was his reasoning or not, but it's certainly within the realm of trial strategy."

¶ 12        The trial court went on that it recalled that defense counsel did an excellent job, which was "somewhat proven out because this is your only allegation as to why he was ineffective." The court then denied the motion for new trial.

¶ 13        Willis filed a notice of appeal raising only the trial court's "*Krankel* inquiry."

¶ 14                                ANALYSIS

¶ 15                        Ineffective Assistance of Counsel

¶ 16        Willis contends the trial court again failed to adequately inquire into his posttrial allegations of ineffective assistance of counsel, thereby violating both *Krankel* and this court's mandate. Willis requests we again reverse and remand for a full *Krankel* inquiry before a different judge.

¶ 17        A *Krankel* proceeding "facilitate[s] the trial court's full consideration of a defendant's *pro se* claims of ineffective assistance of trial counsel and thereby potentially limit issues on appeal." *People v. Jolly*, 2014 IL 117142, ¶ 29. When a defendant alleges a posttrial claim that he or she

was denied effective assistance of appointed counsel, the trial court must adequately inquire into the claim and, if appropriate, appoint new counsel to argue the claim. *Krankel*, 102 Ill. 2d at 187-89. But defendant's mere presentation of a claim does not automatically require new counsel. *Moore*, 207 Ill. 2d at 77. The trial court first must examine the claim's factual basis. *Id*. at 77-78. In conducting the examination, the court may (i) ask defense counsel to "answer questions and explain the facts and circumstances" relating to the claim; (ii) briefly discuss the claim with the defendant; or (iii) evaluate the claim based on its observation of defense counsel's performance at trial "and the insufficiency of the defendant's allegations on their face." *Id*. at 78-79. New counsel need not be appointed and the *pro se* motion may be denied when the claim lacks merit or pertains only to matters of trial strategy. *Id*. at 78. But should the examination reveal possible neglect then new counsel should be appointed to represent defendant at a hearing on the defendant's claim. *Id*.

¶ 18 The standard of review for the adequacy of a *Krankel* hearing depends on the trial court's actions. Where the trial court expresses no opinion on the merits, our review is *de novo*. *People v. Tolefree*, 2011 IL App (1st) 100689, ¶ 25. Where the trial court renders a decision on the merits, we adopt the manifestly erroneous standard. *Id*. Here, under either standard, the trial court on remand did not err in finding that Willis's posttrial allegation of ineffective assistance of counsel was meritless.

¶ 19 Willis indicated his only ineffective assistance claim was that his trial counsel failed to request that the jury be given instructions on the lesser included offenses of second degree murder and involuntary manslaughter. As defense counsel appeared unavailable, the court questioned Willis and ultimately found that counsel sometimes does not request jury instructions on lesser included offenses because, if the State does not meet its burden of proof, counsel will

want to avoid giving the jury "an out" to find a defendant guilty of a lesser offense. The court stated that it did not know if this was counsel's reasoning, but held counsel's decision was "certainly within the realm of trial strategy." The trial court also complimented defendant's counsel's representation at trial.

¶ 20    The record thus shows that the court fully considered Willis's *pro se* claim of ineffective assistance by discussing the claim with Willis, and evaluating the claim based on its knowledge of defense counsel's performance and the insufficiency of the claim on its face. *Moore*, 207 Ill. 2d at 78-79. On this record, we find that the court did not err in denying Willis's claim without appointing new counsel to investigate it. Because the trial court on remand conducted a proper preliminary *Krankel* hearing, we find the trial court followed our mandate.

¶ 21    Nevertheless, Willis maintains that the court on remand never inquired into the written allegation of ineffective assistance that we addressed in his initial appeal. In support, Willis points to the following exchange between himself and the court on remand:

"DEFENDANT: [M]y trial attorney, he [is] the one that filed for –ineffective assistance of Counsel on [him]self.

THE COURT: No, I remember that, no and I ruled on that. But even though I did that, the Appellate Court sent it back for you to say what went on; okay?

DEFENDANT: All right.

THE COURT: But before we do that, I want to get as much information as I can. And, as I stated in the common law record that I have, I don't have your—the motion that you're talking about."

¶ 22    According to Willis, this exchange shows that the trial court on remand interrupted him when he mentioned counsel's written allegation. The State maintains, however, the conversation

shows the court addressing that it had ruled on counsel's oral motion for leave to strike the allegation when the State questioned the propriety of counsel raising an allegation of his own ineffectiveness. Although the parties dispute the meaning of the colloquy, taken in its entirety, we find the *Krankel* hearing served the purpose for which this cause was remanded—to conduct an adequate inquiry into Willis's claim of error.

¶ 23    More importantly, the trial court gave Willis multiple opportunities to express dissatisfaction with any part of his trial counsel's representation. Willis, however, gave the court no indication that he wished to proceed with the allegation of ineffectiveness that his trial counsel self-reported, namely, the failure to secure Fredrick Williams' appearance at trial. See *People v. Reed*, 197 Ill. App. 3d 610, 611-12 (1990) (stating trial court cannot be expected to divine ineffective assistance of counsel claim where it is not even arguably raised). Our mandate required "a brief discussion between the trial court and [Willis] concerning trial counsel's alleged ineffective assistance," and that is what the trial court did. *Willis*, 2013 IL App (1st) 110233, ¶ 73.

¶ 24    Willis next contends that the court on remand improperly ruled on his oral claim that counsel was ineffective for failing to request the lesser included offense instructions of second degree murder and involuntary manslaughter without addressing the allegation with defense counsel himself. In particular, Willis maintains that, without discussing the claim with counsel, the court could not know whether counsel made a strategic decision not to request lesser offense instructions. In a related argument, Willis maintains the trial court improperly determined defense counsel was unavailable based on an uncertain statement by a prosecutor that counsel had retired to Mexico. But, as noted, nothing requires the trial court discuss a *pro se* claim of ineffective assistance of counsel with defense counsel. Rather, the trial court examines the

factual underpinnings of the defendant's claim (*Moore*, 207 Ill. 2d at 77-78), and here it discussed the claim with Willis and evaluated the claim based on counsel's performance at trial.

¶ 25    *People v. Barnes*, 364 Ill. App. 3d 888 (2006), relied on by Willis, differs. In *Barnes*, the defendant alleged that his trial counsel was ineffective by requesting and then not receiving transcripts or information about alleged alibi witnesses. *Id*. at 898. Without inquiring into his claims, the trial court responded that the defendant's complaints were a matter of trial strategy and advised the defendant that the issue " 'was between you and your lawyers, and I don't have anything to do with that.' " *Id*. We held that the trial court's "brief conclusory review" did not satisfy the requirement for factual assessment under *Moore*. *Id*. at 899. We indicated that the trial court should have conducted some inquiry, including, for example, determining the identity of the claimed alibi witnesses, the substance of their proposed testimony, and the extent to which defense counsel was made aware of and acted on any knowledge of their existence. *Id*. In contrast to *Barnes*, Willis told the trial court the basis of his claim, and the record supports the trial court viewing it as a reasonable exercise of trial strategy.

¶ 26    We also are not persuaded by Willis's contention that because his codefendant received a new trial where the court erred in denying codefendant his request for an involuntary manslaughter instruction, he also would have been entitled to the lesser offense instruction. See *People v. Hill*, 2013 IL App (1st) 110232-U, ¶ 49 (holding trial court abused discretion in refusing involuntary manslaughter instruction). Unlike his codefendant's case, the issue here is not Willis's entitlement to a manslaughter or second degree murder instruction; rather, on remand Willis questioned whether his attorney competently exercised trial strategy in not seeking them. The trial court found that trial counsel's decision not to seek a lesser included instruction was strategy, and we find nothing in the record to indicate otherwise. (We note that Willis's brief

makes no argument regarding his assertion that counsel was ineffective for not seeking a lesser included instruction. As such he has forfeited that argument. See Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016) ("Points not argued are waived ***.").

¶ 27                    Excessive Sentence and Juvenile Court Act Automatic Transfer Provision

¶ 28        Willis next argues that his 63-year sentence imposed after he was convicted of first degree murder on an accountability theory was excessive, and that the automatic transfer provision of the Act (705 ILCS 405/5-130 (West 2008)) is unconstitutional. Willis asserts, without providing authority, that this court may reassess its position concerning these issues as a continuation of the direct appeal of his conviction and sentence following a *Krankel* remand. The State argues that *res judicata* bars defendant from relitigating these issues. Willis maintains that this court retains the power to reduce excessive sentences in all criminal appeals under Illinois Supreme Court Rule 615(b)(4), and since his sentence violates constitutional restrictions on harsh juvenile punishments, the sentencing order is void and can be attacked at any time as provided in *People v. Arna*, 168 Ill. 2d 107, 113 (1995).

¶ 29        Generally, Illinois Supreme Court Rule 303(b)(2) (eff. Jan. 1, 2015), provides that on an appeal taken from a specific judgment, this court acquires no jurisdiction to review other judgments, or parts of judgments, not specified or inferred from the notice of appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). This appeal was only taken from the *Krankel* inquiry conducted by the trial court on remand. The issues Willis now raises on appeal were not addressed by the trial court on remand. Hence, they are not properly before this court on appeal.

¶ 30        Accordingly, we find that the trial court conducted a proper preliminary *Krankel* hearing on remand, and thus followed this court's mandate. We further find that we do not have jurisdiction to entertain Willis's contentions that his sentence was excessive and that the

automatic transfer provision of the Act was unconstitutional as these issues are not properly before this court. The above issues were not addressed by the trial court on remand and not included as part of the notice of appeal. Therefore, we dismiss Willis's appeal, in part, to the extent it challenges his sentence, and affirm the judgment of the trial court in all other respects.

¶ 31   Affirmed in part; dismissed in part.